**Roy and Renee VANDERVELDE, Plaintiffs,**

**v.**

**Clayton YEUTTER, Secretary U.S. Department of Agriculture, Defendant.**

**Civ. A. No. 90–1372–LFO.**

United States District Court, District of Columbia.

April 15, 1992.

Alexander J. Pires, Jr., Shelley L. Bagoly, Conlon, Frantz, Phelan, Knapp & Pires, Washington, D.C., for plaintiffs.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM

OBERDORFER, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment. The procedural history of the dispute is related in a Memorandum and Order filed May 2, 1991, denying defendant's motion to dismiss and need not be reconstructed here. An accompanying Order will grant plaintiffs' motion, deny defen-

dant's motion, vacate the determination of the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service, and remand the matter to the Deputy Administrator for further consideration consistent with this Memorandum. Plaintiffs shall then have the right to appeal the Deputy Administrator's decision on remand to the National Appeals Division, authorized by the Food, Agriculture, Conservation, and Trade Act of 1990, 7 U.S.C. § 1433e.

## I

On November 28, 1990, Congress enacted the Food, Agriculture, Conservation and Trade Act of 1990, which, among other things, created an independent appeals division within the Department of Agriculture (Department), the National Appeals Division, and gave the Director of that division the authority to subpoena witnesses and documents necessary to the proper resolution of an appeal.[1] Almost a year after Congress passed the enabling statute, the Department promulgated regulations creating the National Appeals Division.[2]

The procedure prescribed at the time of the hearings at issue here, however, contemplated that:

(b) The hearing shall be conducted ... in the *manner deemed most likely to obtain the facts* relevant to the matter in issue....

(c) The participant, or an authorized representative of the participant, shall be given a *full* opportunity to present facts and information relevant to the matter in

issue and may present oral or documentary evidence.

7 C.F.R. § 780.8 (emphasis added). Under these regulations, the reviewing authority was authorized to "request or permit", at its discretion, persons other than those appearing on behalf of the program participant to present evidence or information and, in such event, permit the participant to examine such persons, but the reviewing authority did not have the power to subpoena such individuals. *Id.*

## II

■ Review of the record in this case and the parties' proposed findings and conclusions of law confirm that the administrative hearings were not conducted in the manner deemed most likely to obtain the facts. The record is replete with hearsay. The Department's decision was based entirely on a report prepared by a single investigator, Agent Schattauer. Administrative Record 271–74. Schattauer drafted the written statements of the various witnesses he interviewed for their signature. *Id.* at 282. When asked to explain the allegations against plaintiffs, he responded:

My instructions from my office and from the United States Attorney's Office is I stand mute. I have my report, you have a copy of that report, and you can answer to those [sic].

*Id.* at 266. Plaintiffs' counsel also requested that the Department provide the addresses of some of the witnesses identified in the report, or at the very least, permit him to interview to these witnesses at the Department's offices or those of the United

---

1. The Director of the National Appeals Division replaced the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service, as the final level of administrative review. Under the old regulations, the Agricultural Stabilization and Conservation Service was responsible both for overseeing the operations of the state and county Agricultural Stabilization and Conservation Committees and for deciding appeals from the determinations of those committees.

2. Under these regulations, the Director of the National Appeals Division has the authority to "require the attendance of witnesses ... and other data and documentary evidence necessary to the proper resolution of appeals," and, "if

appropriate, [to] require the attendance of witnesses ... by subpoena...." 56 Fed.Reg. 59,-210 (Nov. 25, 1991) (to be codified at 7 C.F.R. § 780.19). The Director shall only issue a subpoena if he determines, among other things, that:

a representative of USDA or a private individual possesses information that is pertinent and necessary for disclosure of all relevant facts which could impact the final determination, and the information cannot be obtained except through testimony of the person, and the testimony cannot be obtained absent issuance of a subpoena.

*Id.*

States Attorney. *Id.* at 285. Plaintiffs requests were denied, in part, because the Department was unable to compel these witnesses to appear. *Id.*

Moreover, although the regulations contemplate that the decisionmaker may rely on "information" as distinguished from "evidence," the probative value of the hearsay and the other information is seriously clouded. There is other information and also plausible allegations of intimidation of the sources of that information. Defendant alleges that witnesses who would have testified against the Vanderveldes were intimidated by their reputation for violence. Plaintiffs counter that witnesses who would have testified on their behalf were likewise intimidated by the government investigator who so frightened them with a gun, badge and a threat of prosecution and loss of program benefits that they signed statements which he drafted for them, and which they are prepared to repudiate. *See* Affidavit of Steven K. Russell, Esq., Plaintiffs' Motion for Summary Judgment, Exhibit 7.

In addition, an aura of community vendetta emanates from this record and from the possible disproportionality between the plaintiffs' alleged offense and the $1,700,-000 sanction visited upon them. Although the Department is not required to conduct a trial-type hearing, the procedures employed here do not suffice where threats of violence and vendetta lurk in the controversy, particularly where the triers of fact are a lay committee acting without the supervision or instruction of an independent judicial officer. *See Esch v. Yeutter*, 876 F.2d 976, 992–93 (D.C.Cir.1989); *Doty v. United States*, 24 Cl.Ct. 615, 631 (1991) (abuse of discretion for agency to refuse to call a witness, on which it relied, who had a possible motive to harm participant and whose statements contradicted those of other witnesses).

It may be that at the time of the hearing the agency thought it could not produce the witnesses sought by plaintiffs. But there is no showing that anyone in authority made any effort, for example, to arrange to have them interviewed by another investigator or otherwise sought to reassure them, by pledges of protection against reprisal by either side, or any other measure, in an effort to get them to come forward. Of course, it also may be that there is no basis for the allegations of intimidation.

But subpoenas and cross-examination in an open hearing are time-tested devices for overcoming this kind of barrier to a hearing most likely to obtain the facts. They are now available to the Department and should be employed on remand.

■ In this connection, there is an issue as to whether the subpoena power created in the Department by the Food, Agriculture, Conservation, and Trade Act of 1990 applies to determinations made before the effective date of that statute.[3] It is noteworthy that this is a procedural, not a substantive, innovation. There is ample authority for the proposition that, for example, revisions of the Federal Rules of Civil Procedure apply to pending civil cases, even though the revision are Acts of Congress in the sense that Congress must approve them, at least by silence after a waiting period. Moreover, the accompanying Order will vacate the February 14, 1989 determination by the Deputy Administrator for State and County Operations. So, on remand, as a practical matter, the determination, if adverse, will be one that will have been made after November 28, 1990, but which had not become final by November 25, 1991. *See* note 3, *supra.* So here, after vacation and remand, in any new proceedings before the National Appeals Division the agency should use its subpoena power to produce those witnesses whom, plaintiffs claim, would, subject to examina-

---

**3.** The regulations are:
applicable to any adverse determination made by any State or county Agricultural Stabilization and Conservation Committee
... or personnel of ASCS ... after November 28, 1990, which has not otherwise become final by November 25, 1991. The resolution

of appeals made with respect to all other determinations shall be made in accordance with the regulations set forth in this part as of November 22, 1991.
56 Fed.Reg. 59,208 (Nov. 25, 1991) (to be codified 7 C.F.R. § 780.1).

tion under oath, recant statements made to the government investigator as well as those witnesses who fear reprisal by the plaintiffs. Accordingly, an accompanying Order will vacate the decision of the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service and remand this matter to his office for further consideration consistent with this Memorandum. The Deputy Administrator's new determination shall then be appealable to the National Appeals Division.

### ORDER

For reasons stated in the accompanying Memorandum, it is this 15th day of April, 1992, hereby

ORDERED: that plaintiffs' motion for summary judgment should be, and is hereby, GRANTED; and it is further

ORDERED: that defendant's motion for summary judgment should be, and is hereby, DENIED; and it is further

ORDERED: that the determination of the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service should be, and is hereby, VACATED; and it is further

ORDERED: that this case should be, and is hereby, REMANDED to the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service for a further hearing and other proceedings consistent with the Memorandum; and it is further

DECLARED: that plaintiff shall have the right to appeal determination on remand of the Deputy Administrator for State and County Operation of the Agricultural Stabilization and Conservation Service to the National Appeals Division.